

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2009

# Michael Piskanin v. Meuller

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2836

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Michael Piskanin v. Meuller" (2009). *2009 Decisions.* Paper 424.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/424

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-327                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2836
_____

MICHAEL JOHN PISKANIN, JR.,
                                                                            Appellant

v.

JOHN DOE AS SPECIAL AGENT IN CHARGE PHILADELPHIA DISTRICT
OFFICE OF FEDERAL BUREAU OF INVESTIGATION; MEULLER, DIRECTOR,
INDIVIDUAL AND AS THE DIRECTOR OFFICE OF THE FEDERAL BUREAU OF
INVESTIGATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 09-cv-02553)
District Judge:  Honorable Michael M. Baylson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 24, 2009
Before: BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed: October 19, 2009)
_____

OPINION
_____

PER CURIAM.

       Michael J. Piskanin, Jr., a Pennsylvania state inmate, commenced this pro se action

in the United States District Court for the Eastern District of Pennsylvania by filing a

pleading titled "Complaint Seeking to Compel Federal Officers to Perform Duty to Protect." Piskanin claimed that he is a "former operative" for the Federal Bureau of Investigation, and that he is entitled to FBI "protection" from numerous public officials who allegedly have engaged in retaliatory acts, including the criminal prosecution of Piskanin. Piskanin asked that the District Court direct the named defendants to transfer him to federal custody, conduct a full investigation, and "remove" to federal court "the criminal prosecutions at CR 0002072 and 2004." Piskanin purported to seek this relief under the All Writs Act, 28 U.S.C. § 1651, and 28 U.S.C. §§ 1442(a)(1) and 1446.

The District Court granted Piskanin leave to proceed in forma pauperis and dismissed his complaint as legally frivolous. Viewing the complaint as seeking a writ of mandamus under 28 U.S.C. § 1361, the District Court held that Piskanin failed to show that he exhausted all other avenues of relief or that his right to issuance of the writ is clear and indisputable. The District Court declined to intervene in the pending criminal actions given the absence of any showing of circumstances warranting such relief.

Piskanin timely filed this appeal. We have appellate jurisdiction under 28 U.S.C. § 1291. Our Clerk advised the parties that this Court would consider summary action under Third Circuit Internal Operating Procedure Chapter 10.6. Piskanin has filed responses titled "Statement of Issues on Appeal with Informal Brief" and "Motion to Allow Informal Brief."[1] After a careful review of these submissions and the record, we

---

[1] Insofar as Piskanin moves for permission to submit his "Motion to Allow Informal Brief" as a response to possible summary action, that motion is granted.

2

will summarily affirm.

The District Court was correct that Piskanin is not entitled to mandamus relief. A district court has jurisdiction under 28 U.S.C. § 1361 to issue a writ "to compel an officer or employee of the United States ... to perform a duty owed to the plaintiff," but the writ may issue only for "a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Piskanin's alleged status as a "former operative" does not support a claim that he is owed a nondiscretionary duty from the FBI either to "protection" from or an investigation of the allegedly retaliatory acts taken against him. While 28 U.S.C. § 535 provides that the FBI "may investigate any violations of Federal criminal law involving Government officers and employees," the decision to initiate an investigation is within the FBI's discretion. See, e.g., Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982).

Piskanin's suggestion that the District Court erred in failing to acknowledge "removal" of the state criminal prosecutions under 28 U.S.C. § 1442(a)(1) is without merit. "To establish removal jurisdiction under section 1442(a)(1), a defendant ... must establish that (1) it is a 'person' within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct 'acting under' a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office." Feidt v. Owens Corning Fiberglass Corp., 153 F.3d 124, 127 (3d Cir. 1998). Piskanin's allegation that he was subjected to retaliation for his alleged reports to federal law enforcement about those who have

3

allegedly conspired against him cannot support § 1442(a)(1) removal.[2]

We reject Piskanin's contention that the District Court erred procedurally in dismissing his action prior to service. The District Court acted in accordance with its authority under 28 U.S.C. § 1915A, which requires a district court, "before docketing," to review a prisoner civil action seeking redress from government employees, and to dismiss the case if it is frivolous. See 28 U.S.C. § 1915A(a)-(b).

Because this appeal presents "no substantial question," 3d Cir. IOP Ch. 10.6, we will summarily affirm the District Court's judgment.

---

[2] To the extent that Piskanin also sought removal of his criminal prosecution under 28 U.S.C. § 1446, we note that the criminal matter to which he apparently refers, Lehigh County Court of Common Pleas No. 39-CR-0002027-2004, is no longer pending, and the District Court clearly has no authority to review the state courts' decision.